Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Attorneys for Plaintiff and those similarly situated

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Bisaccia, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>Revel Systems, Inc.<br><br>      Defendant. | **Case No.:**<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**(1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*)** |

**PRELIMINARY STATEMENT**

1. This is a collective action brought by Individual Plaintiff Joseph Bisaccia ("Plaintiff") on his own behalf and on behalf of the proposed FLSA Collective. Plaintiff and the putative Collective members are or were employed by Defendant Revel Systems, Inc. ("Revel Systems" or "Defendant"), as inside sales representatives and were denied proper compensation as required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. The FLSA Collective is made up of all persons who have been employed by Defendant as Associate Sales Executives, Sales Executives, Account Executives, Enterprise Sales Executives, and others with similar job titles and/or duties ("Inside Sales Representatives") at any time within three years prior to this action's filing date through the date Defendant reclassified Inside Sales Representatives from exempt to non-exempt (mid-January 2017) (the "Collective Period").

3. During the Collective Period, Defendant failed to pay overtime compensation to Plaintiff and each member of the FLSA Collective as required by federal law. Plaintiff seeks relief for himself and for the FLSA Collective under the FLSA requiring Defendant to pay appropriate overtime compensation.

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq*. Plaintiff and additional opt-in plaintiffs have signed consent forms to join this lawsuit, which are attached as Exhibit A. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

5. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendant operates in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to L.R. 3-2(c) and (d), this action is properly assigned to the San Francisco / Oakland Division of the Northern District of California because a substantial portion of

the events giving rise to the dispute occurred in San Francisco County.

**PARTIES**

7. Plaintiff is an adult resident of Gilbert, Arizona.

8. Plaintiff was employed by Defendant in Maricopa County, Arizona from May 2016 until February 2017. Plaintiff was Defendant's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1).

9. Defendant Revel Systems, Inc. is a Delaware corporation that does business in California, Arizona, and nationwide. Its principal office is located at 170 Columbus Ave., 4th Floor, San Francisco, CA 94133.

10. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

**FACTUAL ALLEGATIONS**

11. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

12. Revel Systems sells a cloud-based Point of Sale (POS) system. This system, used in restaurants, retail stores, and enterprises, is an iOS-based system that integrates specifically with Apple's iPad. In addition to sales tracking, the system includes payroll, inventory tracking, and customer relationship management features. Revel Systems, who serves thousands of clients around the United States and throughout the world, regularly receives compensation from its clients for these services that are delivered across state lines.

13. Plaintiff worked for Revel Systems as a Sales Executive out of Defendant's office in Tempe, Arizona where he cold-called potential buyers of Defendant's products. Defendant also provided Plaintiff with leads, who he called in an attempt to sell Defendant's products. Revel Systems employs numerous other Inside Sales Representatives who also sell Revel Systems' products to its clients from inside Revel Systems' offices.

14. At all times material, Plaintiff and other inside salespersons were engaged in commerce or in the production of goods for commerce as defined by Section 207(a)(1) of the FLSA.

15. At all times material, Revel Systems has qualified as an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

*Overtime Compensation*

16. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Revel Systems.

17. Until mid-January 2017, Plaintiff and those similarly situated were classified as exempt from FLSA's overtime requirements and paid a salary plus commissions. In or around January 2017, Defendant reclassified Plaintiff and similarly situated inside salespersons and began paying some overtime premiums.

18. Prior to the reclassification, Plaintiff and other inside salespersons employed by Revel Systems during the last three years regularly worked more than forty (40) hours in a workweek without receiving proper overtime compensation. During these weeks, Revel Systems did not provide Plaintiff or other inside salespersons with overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 during those workweeks.

19. Rather than pay Plaintiff and other inside salespersons one and one-half times their regular hourly rate of pay for all hours worked over 40 in a given workweek, Revel Systems misclassified Plaintiff and other inside salespersons as exempt from overtime pay, and did not compensate them for their overtime hours worked.

20. Prior to Defendant's reclassification of Plaintiff and other similarly situated inside salespersons to non-exempt, Plaintiff worked, on average, approximately two to six hours of overtime each week. Plaintiff typically worked overtime hours on weekends, either from Defendant's office or remotely from his home office, taking calls from and/or making calls to, potential clients. Defendant routinely provided meals to Plaintiff and other inside salespersons. As a result, Plaintiff often worked through his lunch break.

21. In addition, Defendant required Plaintiff and other inside salespersons to work overtime the last week of each month, in order to meet Defendant's sales quotas. For example, during the workweek ending October 30, 2016, Plaintiff estimates that he worked 55 hours.

Defendant did not compensate him for any of the overtime hours he worked that week, or in any previous workweeks.

22. Prior to mid-January 2017, Plaintiff and other inside salespersons who worked for Revel Systems were not required to keep timesheets. As a result, Defendant failed to maintain and keep time records for Plaintiff and those similarly situated.

23. Since the reclassification, Defendant has required Plaintiff and similarly situated inside salespersons to record their daily hours on an electronic timesheet.

24. Defendant knew Plaintiff and the Putative Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the similarly situated salespersons overtime wages at the required rates. In May 2016, Revel Systems was sued behalf of inside salespersons in California for its failure to pay overtime wages. Furthermore, Federal courts and the U.S. Department of Labor have consistently held that inside salespersons are entitled to overtime wages. Revel Systems had a duty to investigate and research its obligations under the FLSA.

## **COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

26. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals work(ed) as Inside Sales Representatives for Defendant. The proposed collective is defined as follows:

> All persons who worked for Defendant as Associate Sales Executives, Sales Executives, Account Executives, Enterprise Sales Executives, or other positions with similar job titles and/or duties who were classified as exempt at any time since three years prior to the filing of this Complaint (the "FLSA Collective").

27. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b) and his consent forms is attached as Exhibit A. Other individuals have also returned consent forms, which are included in Exhibit A. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

28. Plaintiff and the FLSA Collective are or were employed by Defendant within the meaning of the FLSA.

29. Defendant paid Plaintiff and the FLSA Collective a salary and commissions, and classified them as exempt employees.

30. Defendant improperly classified Plaintiff and the FLSA Collective as exempt from the FLSA's overtime pay requirements.

31. Plaintiff and the FLSA Collective routinely worked over forty (40) hours in a workweek and were not compensated by Defendant with overtime pay for the overtime hours they worked.

32. Defendant was both aware of and required this overtime work. Specifically, it was Defendant's policy and practice to set sales goals that required overtime work and to encourage Plaintiff and members of the FLSA Collective to work on weekends and additional overtime hours during the last week of each month. Defendant routinely provided meals to Plaintiff and members of the FLSA Collective during their lunch periods. As a result, Plaintiff often worked through his lunch break.

33. Defendant is and was aware that Plaintiff and the FLSA Collective worked under these conditions. Despite that knowledge, Defendant denied them overtime compensation.

34. Defendant uniformly misrepresented to Plaintiff and the FLSA Collective that they were exempt employees and therefore ineligible to receive overtime pay. In reality, Plaintiff and the FLSA Collective are, and were, non-exempt employees and therefore eligible to receive overtime pay. For example, Plaintiff and the FLSA Collective performed inside sales work for Defendant. This entailed calling potential clients, including contacts at restaurants, retail stores, and other large enterprises, to try to sell Revel Systems' products. Plaintiff and the FLSA Collective did not have the authority to determine what products were offered or what price would be charged. The relevant job duties of Plaintiff and the FLSA collective were substantially similar, regardless of their specific job title, office location, supervisor, or assigned sales territory.

35. Prior to mid-January 2017, when Defendant reclassified Plaintiff and the FLSA Collective to non-exempt, Defendant failed to make, keep, and preserve records of the hours worked by Plaintiff and the FLSA Collective.

36. Defendant's unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the FLSA Collective.

37. Defendant's conduct is willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective. Defendant is and was aware that Plaintiff and the FLSA Collective performed non-exempt work that required overtime pay.

38. Defendant is and was aware of the FLSA's requirements.

39. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

40. Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## FIRST CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME

**(On Behalf of Plaintiff and the FLSA Collective)**

41. Plaintiff, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

42. The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

43. Defendant Revel Systems, Inc. is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

44. Plaintiff and the FLSA Collective are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

45. Plaintiff and the FLSA Collective have worked more than forty hours (40) per week for Defendant during the applicable time period.

46. Defendant has not properly compensated Plaintiff or the FLSA Collective for their overtime hours as required by the FLSA.

47. Defendant failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective.

48. Defendant knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates. *See* 29 U.S.C. § 255.

49. Defendant's willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked violates FLSA. 29 U.S.C. § 207.

50. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. §255(a).

51. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

52. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of the FLSA Collective, prays for relief as follows:

a. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

1  b. Judgment that Plaintiff and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

c. Judgment against Defendant for violations of the overtime provisions of the FLSA;

d. Judgment against Defendant for an amount equal to Plaintiff's and the FLSA Collective's unpaid back wages at the applicable overtime rates;

e. A finding that Defendant's violations of the FLSA are willful;

f. An amount equal to Plaintiff's and the FLSA Collective's damages as liquidated damages;

g. All costs and attorneys' fees incurred prosecuting this claim;

h. An award of any pre- and post-judgment interest;

i. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: May 3, 2017  **NICHOLS KASTER, LLP**

By: /s/ Daniel S. Brome
Daniel S. Brome

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE COLLECTIVE